R. Grace Rodriguez, State Bar No. 196657
**THE LAW OFFICES OF R. GRACE RODRIGUEZ**
21000 Devonshire Street, Suite 111
Chatsworth, California 91311
Tel:   (818) 734-7223
EM:   ecf@LORGR.com

Attorneys for Plaintiff
MORENA VILLATA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORENA VILLALTA<br><br>  Plaintiffs,<br><br>vs.<br><br>ALAN DAVID TIKAL, individually and as Trustee of the KATN Revocable Living Trust,<br><br>  Defendant. | CASE NO:<br><br>**COMPLAINT TO QUIET TITLE AND VIOLATION UNDER RICO (18 USC §1961)** |

Plaintiff, MORENA VILLALTA (referred to herein as "Plaintiff") hereby complains against Defendant ALAN DAVID TIKAL, Trustee of KATN Revocable Trust (referred to herein as "Defendant") as follows:

**I. JURISDICTION AND VENUE**

1.  This action is brought in the United States District Court, under 18 U.S.C. § 1961 to recover damages against Defendant ALAN DAVID TIKAL, ("Defendant") The jurisdiction of this Court is predicated on 28 U.S.C. § 1331.

2.  Venue is proper under 28 U.S.C. § 139l(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. The court also has jurisdiction over the state claims herein.

**II. THE PARTIES**

3.  Plaintiff is and at all times mentioned in this complaint was a citizen of the United States residing in the City of Los Angeles, County of Los Angeles, State of California.

~1~

COMPLAINT TO QUIET TITLE; WIRE FRAUD

4. Plaintiff is informed and believe and thereon allege that Defendant is an individual who resided in the State of Minnesota at the time of the events herein, and presently resides at the Federal Correction Institution at Sandstone, Minnesota.

### III. RICO VIOLATION-WIRE FRAUD {18 U.S.C. §§ 1343, 1961 (1)) BY DEFENDANT ALAN DAVID TIKAL

5. The events described herein began in or about June 2011 when individuals who claimed to be operating on behalf of the KA TN Revocable Living Trust ("the Trust''), which was formed, organized, managed and operated by Defendant contacted Plaintiff by telephone and by electronic mail as well as by communications via Internet advertising and offered to provide mortgage assistance to Plaintiff. Those communications were false and constituted wire fraud pursuant to 18 U.S.C. § 1343.

6. The Trust engaged in widespread fraudulent conduct as described here in, disseminating Internet advertising, other advertising and contacting homeowners in at least IO different states, and perpetrating and attempting to perpetrate their mortgage loan fraud upon innocent homeowners pursuant to a pattern of corrupt and illegal conduct.

7. The Trust was formed by Defendant for the specific purpose all of defrauding homeowners and convincing homeowners to pay monies to the Trust in reliance on false promises made by individuals acting on behalf of the Trust that the Trust could and would save these homeowners from their homes being foreclosed upon.

8. The Trust engaged in a widespread pattern of activity in which it advertised and contacted individual homeowners, falsely promising that it could provide assistance to the homeowners in saving their homes from foreclosure and in replacing their defaulted mortgages and Deeds of Trust with new mortgages and Deeds of Trust in a drastically reduced amount.

9. At the time that the Trust engaged in this activity, the individuals who acted on behalf of the Trust and who created the false advertising and who contacted the homeowners on behalf of the Trust knew that the statements which they made to the homeowners and in the advertising were false. Defendant directed, managed supervised, consented to and ratified the actions of the individuals who acted on behalf of the Trust and at all times mentioned herein, Defendant was aware of the falsity of the representations

1  which the individuals who acted on behalf of the Trust made in advertising and in their contacts with
2  individual homeowners.

3     10.   In the above-described communications, which communications occurred via telephone and
4  electronic mail, the individuals acting on behalf of the Trust falsely promised that they could save Plaintiffs
5  home which had been placed into foreclosure proceedings by Plaintiff's lender, Quality Loan Service
6  Corporation.

7     11.   Specifically, the Trust promised Plaintiff that if she paid money to the Trust, the Trust would
8  replace her existing Deed of Trust and cause Plaintiffs debt to Wells Fargo Bank to be with a substituted
9  Deed of Trust in which Plaintiff's mortgage debt would be reduced by approximately 75% and Plaintiff
10  would thereafter make the loan payments to the Trust.

11     12.   On or about June 29, 2011, the Trust caused to be recorded "**GRANT DEED"** conveying from
12  Morena Villata, A single woman to "99% ownership interest in Morena Villata, a Single Woman and 1% to
13  KATN Revocable Livint Trust as Tenants in Common" in the Los Angeles County Official Records, Document
14  no. 20110882339, which plaintiff signed in reliance upon the false and fraudulent statements made by
15  Defendant and by other individuals acting on behalf of the Trust ("the Grant Deed). That document
16  included the property description of Plaintiffs real property located at 15126 Saticoy Street, Van Nuys,
17  California  91405, Los Angeles County, California more particularly described as follows:

18  ALL THAT REAL PROPERTY SITUTATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES,
19  STATE OF CALIFORNIA DESCRIBED AS FOLLOWS:
20  LOT(s) 32 OF TRACT NO. 5646, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF
21  CALIFORNIA, AS PER MAP RECORDED IN BOOK 98, PAGE(s) 84, 85, AND 86 OF MAPS, IN THE OFFICE
22  OF THE COUNTY RECORDER OF SAID COUNTY
23  SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL
24  RIGHTS OF RECORD, IF ANY
25  APN:  2221-002-011

26     13.   Additionally, Defendant caused to be recorded a "Short form Deed of Trust and Assignment of
27  Rents (Individual)" on June 29, 2011, being Los Angeles County Instrument No. 20110882338 which
28

THE LAW OFFICES OF R. GRACE RODRIGUEZ
21000 DEVONSHIRE STREET, SUITE 111, CHATSWORTH, CA 91311
(818) 734-7223 ~ RGRACELAW@GMAIL.COM

purports to make KATN a Trustee, and David-Alan Tikal, the Trustee of the KATN Revocable Living Trust the beneficiary of the Deed of Trust in the amount of $87,067.00.

14.   Plaintiff made at least 38 payments, beginning July 1, 2010 to the Trust in the sum of $21,888.00 in the mistaken belief that the Trust had taken over his debt, that her mortgage debt and Deed of Trust held by Quality Loan Services had been extinguished and in the belief that the new obligation owing to the Trust had been substituted in place of the debt owed to Quality Loan Services.

15.   Plaintiff further believed that all foreclosure proceedings which had been initiated by his lender had been canceled.

16.    In fact, the Deed of Trust which the Trust had recorded had no legal effect whatsoever, Plaintiff still owed his mortgage debt to Washington Mutual Bank and the foreclosure proceedings against Plaintiffs property had not been canceled or otherwise affected by the actions of Defendant and the Trust which he operated.

17.   As a result of the conduct of Defendant and of the Trust Plaintiff suffered the loss of some of approximately $576.00, including monies which went into the Trust and other monies Plaintiff paid which were associated with the subject transaction.

18.   As a further result of conduct of Defendant and of Trust, Deed of Trust described above remains in the Official Records of the Los Angeles County Recorder's office and constitutes a cloud upon Plaintiff's title to the subject property.

19.   On or about December 12, 2020, Plaintiff attempted to refinance her property and is further damaged by his inability complete that sale because of the existing Deed of Trust previously reported by the Trust.

20.   The actions of Defendant were fraudulent, wrongful and despicable and justify imposition of punitive and exemplary damages against Defendant in the sum of $100,000.00 (ONE HUNDRED THOUSAND AND NO/100 DOLLARS) or in an amount within the jurisdictional limits of this court to be determined according to proof, in such sum as will deter Defendant and others from committing acts which are similar or identical to the acts of Defendant as described herein, and taking due account of the financial condition of said Defendant at the time of the acts herein and at the time of entry of judgment herein.

/ / /

## IV. QUIET TITLE AND CANCELLATION OF DEED AGAINST DEED OF TRUST RECORDED BY DEFENDANT AND TRUST

21.  The Plaintiff refers to the allegation set forth in paragraphs 1 through 15 of the RICO claims set forth above and incorporates those allegations as though set forth in full.

22.  The subject Deed of Trust described above, which was executed, notarized and recorded in the Official Records of Los Angeles County pursuant to the illegal, corrupt and fraudulent conduct of the Trust as directed by Defendant, and constitutes a cloud upon the title of the subject property owned by Plaintiff.

23.  Plaintiff would not have executed the subject Deed of Trust or the Grant Deed in the absence of the above-described conduct of the Trust and of Defendant which conduct consisted of repeated misrepresentations, lies and other fraud which constituted wire fraud.

24.  Plaintiff would not have caused the subject Deed of Trust or the Grant to be recorded in the Official Records of the Los Angeles County Recorder if she had known the falsity of the statements made by the Trust, directed by Defendant, upon which Plaintiff relied in executing and causing the subject Deed of Trust to be recorded.

25.  Plaintiff's title to the subject property has been diminished, impaired and otherwise injured by the recording of the subject Deed of Trust with the void notarization.  Plaintiff seeks a determination from this court that the subject Deed of Trust constitutes an invalid lien upon the subject property and therefore should be stricken from the Official Records of the Los Angeles County Recorder.

WHEREFORE, Plaintiff prays as follows:

1. For compensatory damages in such sum as will make Plaintiff whole for the damages which he has suffered and continues to suffer in the subject mortgage loan transaction, in an amount not less than $21,888.00 (TWENTY-ONE THOUSAND, EIGHT HUNDRED AND EIGHTY EIGHT DOLLARS AND NO/100 DOLLARS);

2. For punitive and exemplary damages against Defendant, in the sum of $250,000.00 (TWO HUNDRED AND FIFTY THOUSAND AND NO/100 DOLLARS) or in an amount within the jurisdictional limits of this Court, given full consideration of the financial condition and net worth of said Defendant, including submission into evidence of the fair market value of all assets owned by said Defendant, which award of punitive and exemplary damages shall be sufficient to deter said Defendant and other persons from

THE LAW OFFICES OF R. GRACE RODRIGUEZ
21000 DEVONSHIRE STREET, SUITE 111, CHATSWORTH, CA 91311
(818) 734-7223 ~ RGRACELAW@GMAIL.COM

engaging in conduct which is identical to or substantially similar to the actions of said Defendant as described herein.

3. For interest on all damages as provided by law;

4. For an Order and Judgment cancelling the Grant Deed recorded as document no. 20110882339 in the Official Records of the Los Angeles County Recorder on June 29, 2011 and cancelling the Short Form Deed of Trust recorded as Document No. 20110882338 in the Official Records of the Los Angeles County Recorder on June 29, 2011, as recorded against real property located at 15126 Saticoy Street, Van Nuys, CA 91405 bearing APN No. 2221-002-011, and legally described as:

   ALL THAT REAL PROPERTY SITUTATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA DESCRIBED AS FOLLOWS:

   LOT(s) 32 OF TRACT NO. 5646, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 98, PAGE(s) 84, 85, AND 86 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

   SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY

5. For attorney's fees incurred herein;

6. For costs of suit incurred herein; and

7. For such other and further relief as this Court deems just and proper.

Dated:     January 26, 2021                          Respectfully Submitted

_____
R. Grace Rodriguez
Attorney for Plaintiffs
VILLALTA MORENO

~6~
**COMPLAINT TO QUIET TITLE; WIRE FRAUD**

## **VERIFICATION**

I am the Petitioner in this proceeding. I have read the foregoing and know of its contents. The matters stated therein are true to the best of my knowledge or believed to be true based on information and belief and as to those matters, I believe them to be true. I further certify under penalty of perjury that the foregoing is true and correct. Executed on ___26th___ of January 2021

_/s/ Morena Villalta_
MORENA VILLALTA